## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | |
|---|---|
| JASMINE BLACK,<br><br>　　　Plaintiff,<br><br>v.<br><br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC. dba FBCS,<br><br>　　　Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 3:21-cv-01328<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff, JASMINE BLACK ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC. dba FBCS ("Defendant"), as follows:

### NATURE OF THE ACTION

1.　Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.　This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3.　Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Illinois.

## PARTIES

4. Plaintiff is a disabled consumer over 18-years-of-age currently residing in St. Clair County, Illinois, which is located within the Southern District of Illinois.

5. Defendant is "a nationally licensed and bonded collection agency offering pre-charge off, early out, and third party collection services for clients across a variety of industry verticals."[1] Defendant is a corporation organized under the laws of the state of Pennsylvania, with its principal place of business located at 330 South Warminster Road, Suite 353, Hatboro, Pennsylvania 19040. Defendant regularly collects upon consumers residing within the state of Illinois and maintains its registered agent at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. Several years ago, Plaintiff obtained a line of credit through *Fingerhut,* in order to purchase personal and household goods.

8. Plaintiff suffers from a variety of medical and physical ailments, and has been deemed disabled.

9. As a result, Plaintiff has been rendered unable to work, which has inherently caused many of Plaintiff's financial obligations to go into default, including her purported obligations to Fingerhut.

---

[1] https://www.fbcs-inc.com/about-fbcs-collection-agency/

10. Upon information and belief, after the subject debt was in default, it was assigned to Defendant, a third-party, for collection purposes.

11. On or about June 3, 2021, Defendant caused to be mailed to Plaintiff a dunning notice seeking collection of the subject debt. *See* attached Exhibit A for a true and correct copy of Defendant's June 3, 2021 letter (the "collection letter").

12. Defendant's collection letter listed the subject debt with an outstanding balance of $1,257.99. *See Id.*

13. Given the age of the subject debt, Plaintiff did not recall owing Fingerhut such a significant balance, so in an effort to ascertain additional information regarding the same, Plaintiff visited Defendant's website[2] (the "online portal").

14. Upon inputting her personal information on Defendant's online portal, Plaintiff was directed to her account information, which similarly listed the subject debt with a current balance of $1,257.99.  *See* attached Exhibit B for a screenshot of Defendant's webpage accessed by Plaintiff.

15. Defendant's online portal also indicated that the service date giving rise to the subject debt occurred on June 20, 2016. *See Id.*

16. Plaintiff has not made payment toward the subject debt since that date and has been in default since July 2016.

17. The applicable Illinois statute of limitations for the subject debt states, in relevant part:

> Except as provided in Section 2-725 of the 'Uniform Commercial Code', approved July 31, 1961, as amended, and Section 11-13 of 'The Illinois Public Aid Code', approved April 11, 1967, as amended, actions on unwritten contracts, expressly or implied…shall be commenced

---

[2] https://billpay.fbcs-inc.com/login

within 5 years next after the cause of action accrued. *See* 735 ILCS § 5/13-205.

18. Given the applicable five (5) year Illinois statute of limitations and the fact that the subject debt fell into delinquency beginning in or around July 2016, as of September 2021, when Plaintiff accessed Defendant's online portal, the subject debt was time-barred, i.e., it fell outside the applicable statute of limitations.

19. Despite the time-barred status of the subject debt, nowhere in Defendant's online portal does Defendant disclose or explain to Plaintiff that the subject debt was time-barred and/or that Defendant could not sue her to collect it.

20. Despite the time-barred status of the subject debt, nowhere in Defendant's online portal does Defendant disclose or explain to Plaintiff that by paying, or even just agreeing to pay, any portion of the subject debt, or merely acknowledging the subject debt as valid, it could have the effect of resetting the applicable statute of limitations as to the entire balance of the subject debt, potentially subjecting Plaintiff to further legal liability. Rather, Defendant attempted to extract payment from Plaintiff.

21. Defendant attempted to collect the subject debt from Plaintiff during her accessing of its online portal by, *inter alia*: (i) stating "This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector"; and (ii) providing a platform for Plaintiff to make an online payment towards the balance of the subject debt.

22. Moreover, when looking at the collection letter, Plaintiff noticed that Defendant set forth multiple addresses.

23. Specifically, the letter was mailed from P.O. Box 4115, Concord, CA 94524 (the "California address"), however, in the detachable payment coupon included by Defendant,

Plaintiff was instructed to remit payment to 330 South Warminster Road, Suite 353, Hatboro, PA 19040 (the "Pennsylvania address").  *Id.*

24.     Upon information and belief, the California address is not an address belonging to Defendant, but rather, is the location of a third-party vendor who Defendant hired for the sole purpose of preparing and issuing collection letters.

25.     Moreover, the June 3, 2021 letter referenced various bar codes that suggest the involvement of a third-party vendor, as these bar codes are typically used for sorting purposes.

26.     By hiring a third-party vendor to issue the June 3, 2021 letter, Defendant unlawfully disclosed information to the third party regarding Plaintiff and the subject debt, including but not limited to: Plaintiff's name and address, the fact that Plaintiff allegedly owed the subject debt, the entities to which Plaintiff owed the subject debt, the exact balance of the subject debt, and the fact that the subject debt was in default and was being collected by a debt collector.

27.     Upon information and belief, the third-party vendor then completed and populated information provided by Defendant into a template letter that was then delivered to Plaintiff.

28.     The FDCPA defines "communication" under 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

29.     Accordingly, the information sent from Defendant to the third-party letter vendor was a "communication" as defined by the FDCPA.

30.     Defendant's communication to the third-party letter vendor was in connection with the collection of a debt, since the information was provided by Defendant in an effort to facilitate the collection of the subject debt.

31. Plaintiff did not authorize Defendant to communicate with the third-party letter vendor regarding the subject debt.

32. In limiting disclosures to third parties, the FDCPA states, under 15 U.S.C. § 1692c(b):

> "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

33. The third-party letter vendor used by Defendant to facilitate the collection of the subject debt does not fall within any of the exceptions prescribed by 15 U.S.C. § 1692c(b).

34. Defendant's unlawful dissemination of highly personal information regarding Plaintiff's financial affairs invaded Plaintiff's privacy and violated the rights afforded to her pursuant to the FDCPA.

35. Upon information and belief, Defendant utilizes third-party vendors to prepare and issue collection letters, in an effort to reduce overhead costs and increase profits.

36. Defendant's conscious decision to use third-party letter vendors demonstrates that it prioritizes its economic interests over the privacy rights afforded to consumers by the FDCPA.

37. After a reasonable time to conduct discovery, Plaintiff believes she can prove that all actions taken by Defendant as described in this Complaint, *supra*, were taken willfully and/or with knowledge that its actions were taken in violation of the law.

38. Defendant's conduct carried with it an appreciable risk of harm – namely, that Plaintiff would be subjected to legal liability if she made even just a promise to pay the subject debt.

39. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect the subject debt from her using abusive, deceptive and unlawful means, and ultimately cause her unwarranted financial harm.

40. Due to Defendant's conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

41. Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to: invasion of privacy, making incorrect financial decisions regarding the subject debt, expending time addressing and dealing with Defendant's confusing and misleading conduct, loss of sleep, exacerbation of her medical symptoms, being deprived the ability to intelligently address the subject debt given Defendant's violations of law, and a violation of her state and federally protected interests to be provided clear and accurate information regarding the debt serving as the basis of Defendant's collection efforts.

42. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

43. Plaintiff repeats and realleges paragraphs 1 through 27 as though full set forth herein.

44. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

45. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

46. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. On its website and within its communications to consumers, Defendant identifies itself as a "debt collector" attempting to collect a "debt." Defendant has also been a member of the Association of Credit and Collection Professionals ("ACA") since 1986.[3]

47. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### i. Violations of the FDCPA § 1692b and b(2)

48. The FDCPA, pursuant to 15 U.S.C. § 1692b, regulates how debt collectors can communicate with third parties.

49. Specifically, § 1692b(2) states that a debt collector communicating with a third party can "not state that such consumer owes any debt."

50. Defendant violated §§ 1692b and b(2) when it knowingly disclosed information in the June 3, 2021 letter to Plaintiff regarding the nature, amount, and status of the subject debt.

### ii. Violations of FDCPA § 1692c(b)

51. As set forth, supra, Defendant further violated 15 U.S.C. § 1692c(b) by unlawfully disclosing that Plaintiff owed the subject debt to its third-party letter vendor.

52. Plaintiff never provided Defendant with consent to relay her personal information and information regarding the subject debt to the third-party letter vendor, but yet, Defendant willfully proceeded to disseminate the same to a third-party without Plaintiff's permission.

### iii. Violations of the FDCPA § 1692e

---

[3] http://www.acainternational.org/search#memberdirectory

53. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

54. In addition, this section enumerates specific violations, such as:

> (2) The false representation of -- (A) the character, amount, or legal status of any debt;

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.  15 U.S.C. §§ 1692e, e(2)(A) and e(10).

55. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), and e(10) through its representations and statements directed to Plaintiff via its online portal.  Defendant attempted to collect the subject debt despite omitting the disclosure of material information to Plaintiff regarding the subject debt's time-barred status and/or the potential legal consequences of Plaintiff paying, or agreeing to pay, upon the subject time-barred debt.

56. Defendant knew, or should have known, that the subject debt was time-barred, but yet, Defendant failed to provide any disclosure of the same – and/or the legal implications of the same – to Plaintiff.

57. Such representations and/or omissions served only to confuse and intimidate Plaintiff in the hopes that she would waive her rights and affirmative defenses under the law by making a payment and/or promising to make a payment.

58. Plaintiff was unable to adequately determine the character and legal status of the subject debt based upon Defendant's representations and/or omissions directed to her in its online portal, and was likewise unable to adequately determine the potential legal consequences of making, or arranging to make, a payment on the subject debt.

59. As an experienced debt collector, Defendant knows that its representation to consumers concerning the legal status of an alleged debt owed, and the consumer's rights under the FDCPA and/or the applicable statute of limitations, are required to be true, complete and accurate, especially when Defendant is attempting to collect upon a time-barred debt.

60. Defendant had an obligation to accurately alert Plaintiff as to her rights with respect to the subject time-barred debt, however, Defendant skirted this obligation with deceptive and misleading representations and/or omissions.

### iv.  Violations of FDCPA § 1692f

61. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

62. Defendant violated § 1692f through its unfair efforts to collect upon the subject debt. Despite the time-barred status of the subject debt, Defendant unconscionably failed to apprise Plaintiff of this federally-mandated disclosure, as well as of the fact that it could not sue her to collect. Defendant also failed to notify Plaintiff that by paying, or even just agreeing to pay, any portion of the subject debt, or merely acknowledging the subject debt as valid, it could have the effect of resetting the applicable statute of limitations as to the entire balance of the subject debt, potentially subjecting Plaintiff to further legal liability. Defendant engaged in this conduct in an effort to mislead Plaintiff into making a payment and to ultimately cause her unwarranted financial harm by restarting the applicable statute of limitations.

63. Defendant violated 15 U.S.C. §1692f through its unfair efforts to collect upon the debt. By unlawfully disseminating Plaintiff's personal information and information regarding the subject debt to a third-party, Defendant unfairly skirted its obligations and violated the rights afforded to Plaintiff pursuant to the FDCPA.

64. As set forth in paragraphs 38 through 42, *supra*, Plaintiff has been harmed as a result of Defendant's unlawful collection practices as described in this Complaint.

WHEREFORE, Plaintiff, JASMINE BLACK, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 25th day of October, 2021.        Respectfully Submitted,

                                                            */s/ Taxiarchis Hatzidimitriadis*
Taxiarchis Hatzidimitriadis #6319225
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Counsel for Plaintiff, Jasmine Black*